UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>vs.<br>JUAN TINOCO-GARCIA,<br><br>                  Defendant. | CASE NO. 18CR3681WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the information under § 1326(d) filed by the Defendant Juan Tinoco-Garcia. ECF No. 31.

**FACTUAL BACKGROUND**

In 2009, Defendant entered the United States without legal status and began living in Sacramento, California. In 2014, Defendant married a United States citizen. Defendant's spouse submitted an I-130 application on his behalf starting the process to obtain a green card for the Defendant.

On September 9, 2015, Defendant received a notice that his I-130 application had been approved and an interview was scheduled.

On March 28, 2016, Defendant was charged in California state court with committing a lewd and lascivious act with a minor under fourteen years old in violation of California Penal Code § 288(a). Defendant hired a private criminal defense attorney. Defendant states in a declaration that he asked defense counsel if the criminal case could affect the petition filed to obtain a green card or cause him to be deported. Defendant states in a declaration that defense counsel assured him that he did not have

to worry because "California is a sanctuary state" and "did not work with ICE." ECF No. 31-2 at 4. Defendant states that his defense counsel advised him to plead nolo contendre to the § 288(a)charge. Defendant states that defense counsel did not advise him that a conviction under § 288(a) was an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), and did not advise him of the immigration consequences of an aggravated felony conviction.

On September 29, 2017, Defendant entered a plea of nolo contendre to the charge of committing a lewd and lascivious act with a minor under fourteen years old in violation of California Penal Code § 288(a). Defendant was sentenced to five years probation and 364 days in jail. Defendant served six months in county jail and was transferred to immigration custody. Defendant was served with a Notice To Appear (NTA) in immigration court for removal proceedings charging that he was an alien present in the United States without being admitted or paroled. The NTA did not state a time and place.

On April 6, 2018, Defendant appeared by video from the Sacramento ICE office before an immigration judge in San Francisco. The immigration judge informed Defendant that he was entitled to hire an attorney to represent him in the proceeding and provided Defendant with a list of legal services providers. Defendant informed the immigration judge that he was seeking legal representation and that he had provided his information to an attorney at the detention center. Defendant advised the immigration judge that he was married to a United States citizen, that his wife had filed a petition on his behalf four years ago, and that he had an interview for his green card at the embassy in Ciudad Juarez. The immigration judge advised Defendant that his options for relief from removal were limited. The immigration judge stated: "So, its possible that you could be granted [relief], but given the nature of the crime you committed, it's very unlikely. You're not eligible for cancellation of removal because of the crime you committed. If you are afraid that you would be harmed in Mexico then you can apply for withholding of removal or protection under the Convention Against Torture. Those are both pretty difficult to prove, however. But that's all you're left with as a result of

your criminal history." ECF No. 31-2 at 28-29. The immigration judge asked Defendant if he wanted a continuance to find an attorney and examine any potential relief given his aggravated felony conviction. The transcript of the proceedings states:

> **Immigration Judge:** Alright. So do you want me to set your case out a couple of weeks so you can try and get a lawyer?
>
> **Defendant**: Ok. If, uh. I just don't Ok. If, uh. I just don't want you to lie to me. I'd like to know how long I would be here if you postponed it for 15days?
>
> **Immigration Judge:** Sir. I can order you removed in 15 days, if that's what you want to do? What you need to do is decide whether you want to reply for relief or not. If you do want to apply for relief, I am currently setting cases in June. By the time you get an application to me, I will probably be setting cases in July. So that's how long it would take.
>
> **Defendant:** For July?
>
> **Immigration Judge:** If you submit an application and we do a hearing on the application, the probably the earliest the hearing would take place, would be July.
>
> **Defendant:** July. Ok. Uh would it be difficult to fix even though I'm married to my wife and I have children?
>
> **Immigration Judge**: Yes. Because of your criminal record. If you hadn't committed that crime, it would have been much easier. You would have only needed one waiver, but now you need two. And most people do not look favorably on individuals who sexually abuse children. And for that reason, it is unlikely that you're going to get permission to come back.
>
> **Defendant:** Ok. Um, if I'm deported, uh, can my wife, uh, still be able to make a petition for me?
>
> **Immigration Judge:** If you are deported from the United States, you are barred from coming back for at least 10 years. Your wife has already petitioned for you. She doesn't need to do that again. But you are not eligible to request a return to the United States until you have lived in Mexico for at least 10 years. And then you can only come back if they approve those two waivers that you need. Assuming that the law stays the same between now and then.
>
> **Defendant:** Ok. It's very difficult right?
>
> **Immigration Judge:** Correct.
>
> **Defendant:** I want to be removed in 15 days.
>
> **Immigration Judge:** So we're going to set your hearing out two weeks so that yo can talk to a lawyer because I want you . . . to be satisfied that there's no reason for you to stay in custody and apply for relief. . . . If you would come take a deportation order when you have your next hearing, you can do that.

ECF No. 31-2 at 29-30. The immigration judge scheduled the next removal proceedings for two weeks.

On April 20, 2018, Defendant appeared again by video before the same immigration judge. Defendant informed the immigration judge that his spouse had been trying to get an attorney but that the attorneys were very busy. The immigration judge asked Defendant if he wanted more time find an attorney. Defendant responded "the truth is that I don't think I'm going to be able to find an attorney. So it's better just like this." *Id*. at 33. The immigration judge administered the oath to the Defendant, and established that he came into the United States without permission, and that he was removable. The immigration judge asked Defendant if he was convicted of "violating California Penal Code Section 288(a), which is committing a lewd act with a minor under the age of 14." *Id*. at 34. Defendant responded "Uh, well yes. That's the deal that my attorney took even though I did not do anything, and I pled, that I wasn't going to oppose anything. Uh, but still the judge said that I was guilty." *Id*. The immigration judge established that the conviction was an aggravated felony, and reviewed Defendant's marital status, his immigration history, and his prior state conviction. The transcript of the immigration proceedings states:

> **Defendant:** I did not know that taking this deal [in state court] was going to affect me so much. He did not tell me that is was going to affect me in the future, when I tried to, when my wife tried to get my residency and my work permit. I was never told that California was a sanctuary state[1] and that they did not work with ICE, and um, and that I was gonna. I thought I was just going to do my six months and probation, that's why I took the deal. If I had known that it was going to keep me away from my family, then I would have gone to trial instead.
>
> **Immigration judge**: Alright. So Mr. Tinoco I understand what you're telling me and you may very well have a motion that you can bring in the California criminal court system regarding your plea. However, there's nothing I can do about that. I can only deal with the information in front of me, which is that you have the conviction and it makes you deportable. And in fact, you're already deportable for being here without papers. I can set your hearing over another couple of weeks, if you want to talk to an attorney about representing you in immigration court. But it's very unlikely that you're going to have enough time, while you're in custody,

---

[1] Defendant states in his declaration that he was told by his state criminal counsel "not to worry because 'California is a sanctuary state" and they 'don't work with ICE.'" ECF No. 31-2 at 4.

> to challenge your criminal court conviction. If you want any chance of any, any, doing that while you're still here in the United States, you better get started yesterday.
>
> **Defendant**: Ok. Thank you. Well I do understand and my wife spoke with an immigration attorney and the crime that I accepted has affected me really bad, but what I understood from the judge is that if I am removed to Mexico, my wife can still request me. Cause that's what I understood.
>
> **Immigration Judge**: So the petition that your wife has filed for you is not going to go away. However, in order to get approval for an application to get your green card based upon that petition, you would need those two waivers that I told you about. And the crime that you pled to is very serious and it is unlikely that you're going to get your waiver approved.
>
> **Defendant**: Ok. Well I rather be out in , in Mexico, in order for me to do something and work and be able to pay the attorney and, and in case, that I can get those exemptions, then I can do something about that.

*Id*. at 37. The immigration judge scheduled a further hearing for April 23 to examine voluntary departure.

On April 23, 2018, Defendant appeared again by video before the same immigration judge. The immigration judge informed the Defendant that he was not eligible for voluntary departure because of his conviction for sexual abuse of a minor. The immigration judge asked the Defendant if he wanted to apply for relief under the convention against torture or take an order of deportation. The recording of the immigration hearing ended.

On April 23, 2018, the immigration judge entered an order of removal which indicated that Defendant waived appeal.

On July 26, 2018, Defendant was arrested by a border patrol agent walking along highway approximately one mile east of the Hwy 80 checkpoint. Defendant stated that he was a citizen of Mexico without any immigration documents that would allow him to enter or remaining in the United States.

On August 23, 2018, an Information was filed charging removed alien found in the United States in violation of 8 U.S.C. § 1326 (a) and (b).

On November 19, 2018, Defendant filed a motion to dismiss the information pursuant to 8 U.S.C. §1326(d) on the grounds that his prior removal order is invalid. Plaintiff United States filed an opposition to the motion to dismiss. Defendant filed a

reply.

## APPLICABLE STANDARD

A predicate removal order is a necessary element of a § 1326 prosecution. Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

## ANALYSIS

Defendant contends that his removal proceeding violated his due process rights resulting in prejudice. Defendant asserts that the immigration judge violated his right to counsel and failed to advise him of apparent relief during the removal proceedings. Defendant asserts that the immigration judge failed to advise him of his eligibility for relief from removal and the benefits an attorney could provide. Defendant asserts that he was eligible for post-conviction relief "under both *Padilla*[2] and California state law." ECF No. 35 at 7. Defendant asserts that the immigration judge violated his right to counsel by failing to provide him with sufficient information to make a knowing and intelligent decision regarding his waiver of right to counsel. "Because the IJ failed to inform [Defendant] of his apparent eligibility for relief, and that an attorney could assist him with such relief," Defendant contends that he "did not knowingly and intelligently waive his right to counsel." *Id*. Defendant further contends that the immigration judge did not have jurisdiction to conduct the removal proceedings because the NTA served upon him contained no information regarding the date, time, and place of his hearings.

---

[2] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

Plaintiff United States contends that the immigration judge did not chill the Defendant's right to counsel. Plaintiff United States asserts that the immigration judge correctly informed the Defendant that it was unlikely that he would be entitled to relief from removal because he had been convicted of an aggravated felony. Plaintiff United States further contends that the immigration judge did not lack jurisdiction because the NTA did not state a time and place.

**Right to Counsel**

Non citizens in removal proceedings have due process right to counsel. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). In *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005), the Court of Appeals explained:

> The Supreme Court has long recognized that because deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom[,] ... [m]eticulous care must be exercised lest the procedure by which [an alien] is deprived of that liberty not meet the essential standards of fairness." *Bridges v. Wixon*, 326 U.S. 135, 154, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945). One way we ensure that the "standards of fairness" are met is by guaranteeing that aliens have the opportunity to be represented by counsel. The high stakes of a removal proceeding and the maze of immigration rules and regulations make evident the necessity of the right to counsel. The proliferation of immigration laws and regulations has aptly been called a labyrinth that only a lawyer could navigate. *Castro–O'Ryan v. INS*, 847 F.2d 1307, 1312 (9th Cir.1988).
>
> To infuse the critical right to counsel with meaning, we have held that IJ must provide aliens with reasonable time to locate counsel and permit counsel to prepare for the hearing. *Rios–Berrios v. INS*, 776 F.2d 859, 862–63 (9th Cir.1985).

"[F]or an applicant to appear pro se, there must be a knowing and voluntary waiver of the right to counsel. In order for a waiver to be valid, an IJ must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Tawadrus v. Ashcroft*, 364 F.3d at 1103 (internal citations omitted).

In this case, the record before the immigration judge established that the Defendant was convicted of committing a lewd and lascivious act with a minor under fourteen years old in violation of California Penal Code § 288(a). This "Section 288(a) conviction qualified as 'an aggravated felony' because it constituted 'sexual abuse of

a minor' within the meaning of 8 U.S.C. § 1101(a)(43)(A)." *United States v. Baron-Medina*, 187 F.3d 1144, 1145 (9th Cir. 1999). An aggravated felony conviction rendered the Defendant, a non-citizen, deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), as well as ineligible for forms of discretionary relief from deportation, including voluntary departure and cancellation of removal.

At the April 6, hearing, the immigration judge discussed the limited forms of relief available, including the "Convention against Torture." The immigration judge informed that Defendant that "I can order you removed in 15 days, if that's what you want" and asked the Defendant if he wanted a continuance "to get a lawyer" to seek relief. ECF No. 31-2 at 29. Defendant asked how long he would wait for a hearing to apply for relief. The immigration judge stated " the earliest the hearing would take place would be July." *Id.* Defendant responded: "I want to be removed in 15 days." The immigration judge set another hearing for two weeks so that Defendant could "talk to a lawyer" and "be satisfied that there's no reason for you to stay in custody." *Id*. at 30.

At the April 20, 2018 hearing, the immigration judge asked "Do you want to go forward with your case without having an attorney or would you like some more time to try and find one?" Defendant answered: "Um, well know. The truth is that I don't think I'm going to be able to find an attorney, So it's better just like this." (ECF No. 31-2 at 33). Defendant stated that his wife had spoken to an immigration attorney and that he understood that his wife could still request relief if he was in Mexico. Defendant stated: "I rather be out in , in Mexico, in order for me to do something and work and be able to pay the attorney and, and in case, that I can get those exemptions, then I can do something about that." *Id.*

The immigration judge informed Defendant of the relief available. The immigration judge inquired specifically a number of times during the proceedings whether Defendant wished to continue without counsel and received a knowing and

-8- 18cr3681WQH

voluntary affirmative response. *See Tamadrus*, 363 F.3d at 1103.

"An alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Defendant asserts that his decision to waive counsel was not knowing because the immigration judge "failed to advise him of his eligibility for post-conviction relief under both *Padilla* and California state law." ECF No. 35 at 7. Defendant states in his declaration that his lawyer in the state court proceedings did not tell him that a conviction under §288(a) would virtually certainly cause him to be deported and make it nearly impossible for him to gain legal status through the petition filed by his wife.

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), Padilla alleged that his counsel told him that he did not have to worry about his immigration status in entering a plea of guilty since he had been in the country so long. Padilla alleged that he relied on his counsel's erroneous advice when he pleaded guilty to the drug charges that made his deportation virtually mandatory and that he would have insisted on going to trial if he had not received incorrect advice from his attorney. The Supreme Court determined that Padilla was entitled to move forward with his postconviction proceedings on his claim that counsel's representation fell below the objective standard of reasonableness under *Strickland*.[3] The Supreme Court concluded that "the weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at 367.

In this case, the immigration judge stated:

> So Mr. Tinoco I understand what you're telling me and you may very well have a motion that you can bring in the California criminal court system regarding your plea. However, there's nothing I can do about that. I can only deal with the information in front of me, which is that you have the conviction and it makes you deportable. And in fact, you're already deportable for being here without papers. I can set your hearing over

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

> another couple of weeks, if you want to talk to an attorney about representing you in immigration court. But it's very unlikely that you're going to have enough time, while you're in custody, to challenge your criminal court conviction. If you want any chance of any, any, doing that while you're still here in the United States, you better get started yesterday.

*Id.* at 37. The immigration judge properly advised the Defendant of the potential avenue for post-conviction relief and offered to set the hearing over to allow the Defendant to seek counsel. Defendant stated: "I'd rather be out in, in Mexico...." *Id.* Defendant made a knowing and voluntary waiver of the right to counsel. Based upon the record in this case, the immigration judge provided that Defendant with a full and fair hearing and did not deny the Defendant any continuance to seek counsel. The immigration judge provided the Defendant with a reasonable opportunity to seek counsel to pursue relief, including Convention against Torture and post-conviction relief from his state conviction. The Court concludes that the removal proceedings did not violate Defendant's due process rights.

**Notice to Appear**

This Court concluded in *United States v. Rodriguez*, 2018 WL 6064861, at *3 (S.D. Cal. November 20, 2018) that "the narrow issue of triggering of the stop-time rule under 8 U.S.C. § 1229b(d)(1) decided in *Pereria*[4] does not effect the vesting of jurisdiction in the immigration court or invalidate the regulations establishing the commencement of immigration proceedings." In this case, the Defendant waived any procedural defect in the NTA by failing to raise any objection at the removal proceedings. Defendant appeared and fully participated at each of the removal proceedings. The Court concludes that the immigration judge had jurisdiction to enter the order of removal.

---

[4] *Pereira v. Sessions*, 138 S.Ct. 2105 (2018).

IT IS HEREBY ORDERED that the motion to dismiss the information under § 1326(d) filed by the Defendant Juan Tinoco-Garcia (ECF No. 31) is denied.

DATED: January 10, 2019

**WILLIAM Q. HAYES**
United States District Judge